IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Rick Dees : | |
| : | Case No. C-1-02-457 |
| Plaintiff : | |
| : | District Judge Susan J. Dlott |
| v. : | |
| : | ORDER |
| Kenwood Dealer Group, Inc. *et al.* : | |
| : | |
| Defendants : | |

This matter comes before the Court on Plaintiff's Motion to Strike and/or in the Alternative to Permit the Filing of Dees' Declaration (doc. #19) and Defendants' Motion to Strike Second Declaration of Rick Dees (doc. #20).[1]  For the reasons that follow, Plaintiff's Motion to Strike is **DENIED** and Defendants' Motion to Strike is **DENIED AS MOOT**.

The motions to strike concern declarations filed by the parties to support or oppose Defendants' Motion for Summary Judgment (doc. #14).  In his Response to Defendants' Motion for Summary Judgment (doc. #16), Plaintiff Rick Dees attached a sworn declaration executed by Karl Swartz.  The initial Swartz declaration can be read to imply that Swartz supports Dees' claims that he was discriminated against by Defendants.  Defendants then attached a supplemental declaration by Karl Swartz to their Reply Memorandum (doc. #17).  In his supplemental declaration, Karl Swartz clarified that he does not believe that Defendants discriminated against Dees on the basis of his race.

Plaintiff Dees moves to strike Swartz's supplemental declaration arguing that it was

---

[1] Defendants did not comply with Local Rule 7.2 which requires every motion to be supported by an accompanying memorandum in support.

untimely filed.  Alternatively, he moves that the Court allow him to file a supplemental declaration to rebut Swartz.  Plaintiff Dees argues that he is entitled to "the 'last word' and final opportunity to respond" as the nonmoving party opposing Defendants' Motion for Summary Judgment.  (Doc. #19 at 1-2).  Plaintiff Dees has stated no authority to support his argument.

Pursuant to the Local Rules, Defendants were allowed to file a reply brief supporting their Motion for Summary Judgment and to rebut the evidence presented by Dees in his memorandum in opposition.  See S.D. Ohio Civ. R. 7.2(a)(2) (granting the moving party an opportunity to file a reply brief) & 7.2(d) ("Evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memorandum in opposition").  The supplemental Swartz declaration is permissible rebuttal evidence.  It does not constitute new evidence to which Plaintiff Dees is permitted to respond.  Therefore, the Court will not strike Swartz's supplemental declaration, nor will it allow Plaintiff Dees to file a supplemental declaration in response.

Defendants' motion to strike is directed toward the supplemental declaration that Dees sought leave to file.  Because the Court has denied Dees leave to file a supplemental declaration, Defendants' motion to strike is moot.[2]

---

[2] Moreover, Court did not rely on the statements contained in the supplemental declarations by either Swartz and Dees in ruling upon the Defendants' Motion for Summary Judgment.

      For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Strike and/or in the Alternative to Permit Filing of Dees' Declaration (doc. #19) and **DENIES AS MOOT** Defendants' Motion to Strike Second Declaration of Rick Dees (doc. #20).

      IT IS SO ORDERED.


                                            ___s/Susan J. Dlott_____
                                            Susan J. Dlott
                                            United States District Judge