UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CIVIL ACTION NO. 1:02cv00457-WOB**

**RICK DEES**                                                           **PLAINTIFF**

VS.                              ORDER
                    <u>FINAL PRETRIAL CONFERENCE</u>

**KENWOOD DEALER GROUP, INC.**                              **DEFENDANT**

The above case is hereby is scheduled for a final pretrial conference on **Tuesday, December 28, 2004 at 10:30 a.m.** in the U.S. Courthouse in Cincinnati, Ohio (room to be assigned).

**I.**   The parties, through counsel, are **ORDERED** to do each of the following things, where applicable, prior to the final pretrial conference date, unless the time fixed be extended on motion for good cause shown by affidavit:

1.   The attention of the parties is directed to Federal Rule of Civil Procedure 26(a)(2) and (3).  These rules must be strictly observed.  Parties shall not stipulate out of the requirement of filing expert reports or witness lists.

Counsel are admonished that production of the witness lists and expert reports must be <u>strictly</u> complied with. A summary of the expected testimony of each witness shall be included in the list.  The summary to be provided must fairly reflect the substance of a witness' testimony.  Statements such as "the witness will testify concerning the physical condition of the plaintiff" are inadequate.  Failure to list a witness or provide adequate summary or expert report will result in the witness not being permitted to testify in whole or in part.  <u>See</u>

<u>Coatney v. Purkhiser</u>, 104 F.R.D. 118 (E.D. Ky. 1985).  If a witness has been deposed, a reference to the deposition will suffice, but then the witness will be limited to the testimony in said deposition.

       2. File a final pretrial memorandum in the format set out in the appendix hereto not later than **fifteen (15) days** before the pretrial conference.  An extra copy of the final pretrial memorandum and witness list shall be filed for the convenience of the court.

       3. Complete all discovery, including physical examinations, by the deadlines set by the court.

       4. The proponent of any exhibit which will be discussed by a witness or utilized during opening or closing statements should be prepared to use the court's visual presentation system, if available.  An extra copy of said exhibit should be readily available to hand to the witness.

       5. Enter into a written stipulation, stipulating to the fullest extent the undisputed facts, authenticity, and admissibility of exhibits, and any and all other matters which will expedite the trial of the case by reducing formal proof.  <u>Such written stipulation shall be filed with the pretrial memoranda required by Paragraph 2 hereof</u>.  Failure to do so shall be construed to indicate that counsel have not met in compliance with this direction, unless otherwise explained to the court's satisfaction.

       6. Note the grounds for objection to any items mentioned in Paragraph 5 not so agreed upon.  The merits of all

such objections shall be covered in the pretrial memoranda, prepared in accordance with the format set forth on the attached exhibit to this order.  Counsel should note that preliminary conferences between them will be required in order to file the pretrial memoranda on time.  <u>Proposed instructions, special verdicts, and (in non-jury cases) proposed findings of fact and conclusions of law shall be exchanged at least **seven (7) days** prior to the due date of the final pretrial memorandum</u>.

      7.   Any party seeking damages shall file an itemized list of special damages with his pretrial memorandum.

      8.   <u>Videotape Depositions</u>.  Any deposition that would otherwise be read at a trial as evidence under the Federal Rules of Civil Procedure may be presented by videotape.  However, a transcript must be furnished to the court to facilitate ruling on objections and editing.  The court prefers that the tape be edited prior to the playing at trial.  Cost of the transcript or making the video-tape may be recovered as costs, but not both.

   **II.  In Case of Emergency**.  In the case of an emergency, which will require the trial to be continued or delayed, counsel shall notify the Clerk of Court.

   **III. Daily Copy**.  Unless requested, daily copy will not be provided.  Arrangements for daily copy must be made with the court reporter at the final pretrial conference.

   This 19th day of October, 2004.



Signed By:
<u>William O. Bertelsman</u> WOB
United States District Judge

**FORMAT FOR PRETRIAL MEMORANDUM**

**I.   JURISDICTION OF THE COURT.**
(A succinct statement of the basis for the court's jurisdiction, with quotation of the jurisdictional statute and a summary of the jurisdictional facts.)

**II.  KIND OF ACTION.**
(A succinct statement of the kind of action, e.g., "This is a wrongful death action arising out of an automobile accident.")

**III. STATEMENT OF FACTS.**
(A brief statement of facts, with an indication of which facts are disputed and which are undisputed.)

**IV.  ISSUES OF LAW (SUBSTANTIVE).**
(A separate statement of each issue of substantive law with an appropriate discussion of authorities supporting the party's position with regard thereto.)

**V.   ISSUES OF LAW (PROCEDURAL).**
(A separate statement of each issue of procedural law with specific reference to any Federal Rule of Civil Procedure involved, with an appropriate discussion of authorities supporting the party's position with regard thereto.)

**VI.  ISSUES OF LAW (EVIDENTIARY).**
(A separate statement of each issue of evidentiary law with specific reference to any Federal Rule of Evidence involved, with an appropriate discussion of authorities supporting the party's position with regard thereto.

**VII. INSTRUCTIONS AND SPECIAL VERDICT.**
(A submission of all instructions and a special verdict under F.R.Civ.P. 49. Parties shall exchange drafts of instructions in advance, as required by the pretrial order, and agree on the instructions or separate verdict forms, if possible. Failing agreement, they shall include under this heading a discussion, with appropriate authorities, in support of or contra any disputed instructions or special verdict items.)

**NOTE:** Except as above indicated, this court's standard Order concerning the format of briefs shall be applicable to all final pretrial memoranda, including the requirement of filing an extra copy for the use of the court.