UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RICK DEES** | : | |
| | : | **CASE NO.   C-1-02-457** |
| Plaintiff | : | Judge Bertelsman |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S PROPOSED JURY** |
| **KENWOOD DEALER GROUP** | : | **INSTRUCTIONS AND** |
| | : | **INTERROGATORIES** |
| and | : | |
| | : | |
| **KINGS DODGE** | : | |
| | : | |
| Defendants | : | |

Now comes Plaintiff and submits the following proposed jury instructions and interrogatories pursuant to the Court's Order.

Respectfully submitted,

/s/ David D. Kammer
David D. Kammer—0061808
Paul H. Tobias - 0032415
Tobias, Kraus & Torchia
911 Mercantile Library Bldg
414 Walnut Street
Cincinnati, Ohio  45202
(513)  241-8137
Fax (513) 241-7863
TKT@TKTlaw.com
Attorneys for Plaintiff

1

**Plaintiff's Proposed Instruction No. 1**

## BURDEN OF PROOF

This is a civil case. In a civil case, the Plaintiff has the burden of proving each element of his claim by a "preponderance of the evidence." That means that the Plaintiff has to produce evidence which, considered in the light of all the facts presented, leads you to believe that it is more likely true than not that Defendant violated the Plaintiff's rights.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposing it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.

To put it differently, if you were to put the Plaintiff's and the Defendant's evidence on opposite sides of the scale, the Plaintiff would have to make the scales tip somewhat to his side. If the Plaintiff fails to meet this burden for each essential element of his case, the verdict must be for the Defendant. If the Plaintiff succeeds in meeting this burden, then the verdict must be for the Plaintiff.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

Given by Judge Dlott in <u>Wheat v. Dayton Freight Inc.</u>, C-1-97-878 (SD Ohio 1999).

Plaintiff's Proposed Instruction No. 2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into a courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give direct evidence and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; nor does the law say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Given by Judge Dlott in <u>Wheat v. Dayton Freight Inc.</u>, C-1-97-878 (SD Ohio 1999).

Plaintiff's Proposed Instruction No. 3

## EMPLOYER LIABILITY FOR EMPLOYEE ACTIONS

You are instructed that an employer may only act through its employees. An employer may be held liable for the acts of its employees when they are done within the scope of the authority given to the employees by the employer or within the scope of the employees' duties.

Given by Judge Dlott in <u>Wheat v. Dayton Freight Inc.</u>, C-1-97-878 (SD Ohio 1999).

Plaintiff's Proposed Instruction No. 4

## "SINGLE EMPLOYER" OR "INTEGRATED ENTERPRISE"

Though Kenwood Dealer Group did not directly employ Plaintiff, it can be held liable along with Kings Dodge if you determine that it is a "single employer" or "integrated enterprise".  The following four factors should be examined to determine if Kenwood is a "single employer": 1) interrelation of operations, i.e. common offices, common record keeping, shared bank accounts and equipment; 2) common management, common directors and board; 3) centralized control of labor relations and personnel; and 4) common ownership and financial control.  Though none of these factors is conclusive, the central concern of the single employer theory is control over labor relations.  You should look at all the facts and circumstances to determine if Kenwood is a single employer.

Source:  Summary Judgment Order of Judge Dlott in this case.

Plaintiff's Proposed Instruction No. 5

## SUMMARY OF PLAINTIFF'S CLAIMS

This case involves a claim by the Plaintiff, Rick Dees, against Defendants, Kenwood Dealer Group and Kings Dodge. The elements which Plaintiff must prove to establish this claim will be described in a moment. What follows is a brief introduction to these claims.

<u>Race Discrimination – Failure to Promote</u>. Plaintiff alleges that he was discriminated against because of his race when Defendant failed to promote him to the F & I Manager position in June 2000 and instead promoted Karl Swartz. Plaintiff's claim of race discrimination is based on the Civil Right Acts of 1866, 1964 and 1991, federal laws that prohibits an employer from discriminating against an employee because of that person's race. His claim is also based on Ohio law that also makes it illegal to discriminate against an employee because of his race.

Defendant denies that it failed to promote Plaintiff on the basis of his race. To the contrary, Defendant contends that it had a legitimate, non-discriminatory reason for its employment decision.

Plaintiff's Proposed Instruction No. 6

## Race Discrimination

1. GENERAL. The employee must prove by the greater weight of the evidence that race was a determining factor for Defendants' failure to promote him.

2. DETERMINING FACTOR. "Determining factor" means that the employee's race made a difference in the failure to promote. There may be more than one reason for the employer's decision not to promote Plaintiff. The employee need not prove that race was the only reason. It is not a determining factor if the employee would not have been promoted regardless of his race.

Ohio Jury Instructions (OJI) § 266.03.

Plaintiff's Proposed Instruction No. 7

## DISCRIMINATION EVIDENCE

In attempting to show that Defendant discriminated against him, Mr. Dees need not offer direct evidence, or an admission that Defendant failed to promote him because of his race. Seldom is such evidence available in a discrimination case.[3] Rather, Mr. Dees may prove his case through circumstantial evidence, or evidence from which you can infer that the Defendant was motivated by Mr. Dees' race.

Some of the types of circumstantial evidence that you may, but need not, consider as evidence that race motivated the failure to promote are: evidence establishing that Defendant's stated reason is pretextual, a reliance on subjective (as opposed to objective) decision-making,[4] violations of company policies or practices surrounding termination,[5] a difference in treatment between white workers and similar workers that black,[6] a pattern of treating black employees less favorably,[7] falsity of reason(s) for the failure to promote,[8] the failure to estabish reasonably objective standards for use in promotion decisions,[9] and unreasonableness of a business decision surrounding termination.[10] You may consider other factors as well.

---

3    Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578
4    Thurman v. Yellow Freiciht Sys. Inc. (6th Cir. 1996), 90 F.3d 1160, 1167.
5    Wells v. New Cherokee (6th Cir. 1995), 58 F.3d 233, 236.
6    Wells v. New Cherokee (6th Cir. 1995), 58 F.3d 233, 237.
7    Scott v.Goodyear Tire & Rubber Co. (6th Cir. 1998), 160 F.3d 1121, 1129.
8    Wexler v. White's Fine Furniture (6" Cir. 2003), 317 F.3d 564, 576. (en banc)
9    See Rowe v. General Motors Corp. (5th Cir. 1972), 457 F.2d 348, 359 (subjective evaluation procedures "are a ready mechanism" for discrimination); EEOC v. Rodriguez (E.D. Cal 1994), 1994 WL 714003, 66 FEP 1649 (use of standardless criteria in hiring supported claim of discrimination); Watson v. National Linen Service (1 lth Cir. 1982), 686 F.2d 877, 881 (Failure to establish reasonably objective standards for hiring is a discriminatory practice).
10   Wexler v. White's Fine Furniture (6th Cir. 2003), 317 F.3d 564, 576 (en banc)

Plaintiff's Proposed Instruction No. 8

## "PRETEXT -- DEFINITION

A "pretext" is a fictitious reason or motive advanced to conceal a real one.

There are different ways plaintiff can establish "pretext."  Mr. Dees may show that the discriminatory reason (e.g., age or disability) actually motivated defendant's actions, notwithstanding the stated reason.  Alternatively, Mr. Dees can establish pretext by showing that the stated reason is "unworthy of credence."  A pretext can also be shown if the employer's business judgment was so ridden with errors that the employer could not have honestly relied on it.

Plaintiff may also show pretext by showing that the factors alleged by the defendant to have justified the discharge were insufficient to motivate the discharge.

Adapted from instruction given by Judge Weber in Sacolick v. General Electric Co., No. C-1-94-017; Texas Dep. of Comm. Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089 (1981); Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 147 L.Ed. 2d 105 (2000); Manzer v. Diamond Shamrock Chem. Co., 29 F.3d 1078 (6th Cir 1994); Thurman v. Yellow Freight Systems Inc., 90 F.3d 1160 (6th Cir. 1996); Kline v. TVA, 128 F.3d 337 (6th Cir. 1997); Schwartz v. Gregori, 45 F. 3d 1017, 1021 (6th Cir. 1995).

Plaintiff's Proposed Instruction No. 9

## **DISCRIMINATION - DECISION MAKERS**

The fact that some of the persons who participated in some decisions regarding Plaintiff were not the final decision-maker does not insulate Defendant as a company from a finding of discrimination, harassment, or retaliation. So long as a person anywhere in the chain of events leading to the discharge decision was influenced or motivated by Plaintiff's race or protected activity in giving his or her input, the ultimate decision is discriminatory.

Authority:  Sacolick v. General Electric Co., No. C-1-94-017 (SD Ohio).

Plaintiff's Proposed Instruction No. 10

**BUSINESS JUDGMENT**

The employer claims that it acted for non-discriminatory reasons. In deciding whether an employer has acted for discriminatory reasons, you should not substitute your judgment for that of the employer, even if you would have made a different business decision.

However, an employer's business judgment is not an absolute defense to unlawful discrimination.

The reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation i.e. whether it was pretextual.  You may consider whether the employer made a reasonably informed and considered decision before terminating Kerstine.

The reasonableness of a business decision is critical in determining whether the proffered judgment was the employer's actual motivation.  For example, if you can conclude that a reasonable employer would have found the plaintiff to be significantly better qualified for the job, but this employer did not, you can legitimately infer that the employer consciously selected a less-qualified candidate - something that employers do not usually do, unless some other strong consideration, such as discrimination, enters the picture.  Thus, you may conclude that the employer's "business decision" was so lacking in merit as to call into question its genuineness, and thus find it pretextual.

OJI § 266.03; <u>Wexler v. White's Fine Furniture, Inc.</u>, 317 F.3d 564 (6 th Cir. 2003) (en banc).

Plaintiff's Proposed Instruction No. 11

## DAMAGES—BACK PAY

If you find for the employee, he is entitled to recover lost wages and benefits, including any increases in wages or benefits lost because of discrimination. The amount of wages and benefits due is determined by calculating the amount that would have been earned from the date of the promotion to the present. You may include all forms of compensation that the employee proved he would have earned, but for the failure to promote, including salary, bonuses, vacation pay, pension, health insurance and other benefits. In determining the amount of any back pay, you must deduct the amount of wages and benefits received from replacement income during the period of back pay awarded.

OJI § 266.27.

Plaintiff's Proposed Instruction No. 12

**FRONT PAY**

If you find for the employee, you shall consider an award of front pay. Front pay includes the amount the employee would have earned from the date of the verdict until the date you find the Employee's loss of future pay and benefits will cease. The purpose of front pay is to temporarily compensate the employee while he seeks comparable employment and not to give long-term compensation from the present to retirement. Among the factors to be considered in deciding the amount of front pay are the following:

(A) the age of the employee and his reasonable prospects of obtaining comparable employment elsewhere;

(B) salary and benefits;

(C) expenses associated with finding new employment; and

(D) the replacement value of fringe benefits until comparable fringe benefits are obtained or for a reasonable length of time.

In determining the amount of front pay, you must deduct the amount of wages and benefits you believe will be received from replacement income during the period of front pay awarded.

OJI § 266.27.

Plaintiff's Proposed Instruction No. 13

## DAMAGES - COMPENSATORY DAMAGES

If you find that Plaintiff has proven his claim of race discrimination, then you may consider whether Plaintiff is entitled to what is known as "compensatory damages." These damages are intended to compensate Plaintiff for any pain and suffering, loss of reputation, humiliation, embarrassment, mental anguish, and loss of self-esteem that was caused by Defendant's actions.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should assess an amount of money you find justified by a preponderance of the evidence as full and just compensation. No evidence of monetary value of such intangible things has been, or needs to be introduced into evidence. However, while no exact standard exists for calculating the compensation to be awarded for these elements of damages, you must not engage in arbitrary guess work. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts and evidence.

Given by Judge Dlott in <u>Wheat v. Dayton Freight Inc.</u>, C-1-97-878 (SD Ohio 1999) (with slight modification due to additional claims).

Plaintiff's Proposed Instruction No. 14

## **PUNITIVE DAMAGES**

     If you find that the Defendant intentionally discriminated against, racially harassed, or retaliated against Plaintiff and you award compensatory damages, you may also consider whether to award punitive damages.  If the Plaintiff has proven that the Defendant acted with malice or with callous and reckless indifference to his rights, you may award such punitive damages.  In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish the Defendant for its conduct, and to deter the Defendant and other companies from engaging in similar conduct in the future.  The law does not require you to award punitive damages.  However, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages.  The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.  However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages.  You may consider the financial resources of the Defendant in fixing the amount of punitive damages.

Authority:    <u>Wheat</u>, supra

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **RICK DEES** | : | |
| | : | **CASE NO.   C-1-02-457** |
| Plaintiff | : | Judge Bertelsman |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S PROPOSED** |
| **KENWOOD DEALER GROUP** | : | <u>**SPECIAL INTERROGATORIES**</u> |
| | : | |
| and | : | |
| | : | |
| **KINGS DODGE** | : | |
| | : | |
| Defendants | : | |

**1.   KENWOOD AS EMPLOYER**

Did Plaintiff prove by a preponderance of the evidence that Kenwood Dealer Group was a "single employer" or "integrated enterprise" with Kings Dodge?

_____YES     _____NO

**2.   PLAINTIFF'S CLAIM OF RACE DISCRIMINATION**

Did Plaintiff prove, by a preponderance of the evidence, that race was a motivating factor in Defendant's decision not to promote him to the F & I Manager position in June 2000?

_____YES     _____NO

If you answered yes to question #2 above, please continue below.  However, if you answered no, do not answer any more questions, simply sign the verdict form and notify the Courtroom Deputy.

3. **BACKPAY AND COMPENSATORY DAMAGES**

   What amounts, if any, do you award to Plaintiff for:

   Backpay and Benefits          _____

   Front Pay and Benefits        _____

   Compensatory damages          _____
   (emotional distress, etc.)

4. **PUNITIVE DAMAGES**

   Do you find that Defendant acted with malice or with callous and reckless indifference to Plaintiff's rights?

   Yes _____          No _____

   What amount of punitive damages should be awarded to Plaintiff:

   $_____

                                          Respectfully submitted,


                                          /s/ David D. Kammer
                                          David D. Kammer—0061808
                                          Paul H. Tobias - 0032415
                                          Tobias, Kraus & Torchia
                                          911 Mercantile Library Bldg
                                          414 Walnut Street
                                          Cincinnati, Ohio  45202
                                          (513)  241-8137
                                          Fax (513) 241-7863
                                          TKT@TKTlaw.com
                                          Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Curtis L. Cornett, Cors & Bassett, LLC, 537 E. Pete Rose Way, Suite 400, Cincinnati, OH 45202.

/s/ David D. Kammer<br>
David D. Kammer—0061808