**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **RICK DEES** | : | |
| | : | **CASE NO.   C-1-02-457** |
| Plaintiff | : | Judge Bertelsman |
| | : | |
| vs. | : | |
| | : | **PROPOSED AGREED JURY** |
| **KENWOOD DEALER GROUP** | : | **INSTRUCTIONS AND** |
| | : | **INTERROGATORIES** |
| and | : | |
| | : | |
| **KINGS DODGE** | : | |
| | : | |
| Defendants | : | |

Now comes the parties and submit the following proposed jury instructions upon which they have agreed.  Separate instructions upon which they have not reached agreement are included within their separate pretrial memoranda.

1

**Proposed Instruction No. 1**

## BURDEN OF PROOF

This is a civil case. In a civil case, the Plaintiff has the burden of proving each element of his claim by a "preponderance of the evidence." That means that the Plaintiff has to produce evidence which, considered in the light of all the facts presented, leads you to believe that it is more likely true than not that Defendant violated the Plaintiff's rights.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposing it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.

To put it differently, if you were to put the Plaintiff's and the Defendant's evidence on opposite sides of the scale, the Plaintiff would have to make the scales tip somewhat to his side. If the Plaintiff fails to meet this burden for each essential element of his case, the verdict must be for the Defendant. If the Plaintiff succeeds in meeting this burden, then the verdict must be for the Plaintiff.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

Given by Judge Dlott in <u>Wheat v. Dayton Freight Inc.</u>, C-1-97-878 (SD Ohio 1999).

Proposed Instruction No. 2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into a courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give direct evidence and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; nor does the law say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Given by Judge Dlott in <u>Wheat v. Dayton Freight Inc.</u>, C-1-97-878 (SD Ohio 1999).

Proposed Instruction No. 3

**EMPLOYER LIABILITY FOR EMPLOYEE ACTIONS**

You are instructed that an employer may only act through its employees. An employer may be held liable for the acts of its employees when they are done within the scope of the authority given to the employees by the employer or within the scope of the employees' duties.

Given by Judge Dlott in <u>Wheat v. Dayton Freight Inc.</u>, C-1-97-878 (SD Ohio 1999).

Proposed Instruction No. 4

### "SINGLE EMPLOYER" OR "INTEGRATED ENTERPRISE"

Though Kenwood Dealer Group did not directly employ Plaintiff, it can be held liable along with Kings Dodge if you determine that it is a "single employer" or "integrated enterprise". The following four factors should be examined to determine if Kenwood is a "single employer": 1) interrelation of operations, i.e. common offices, common record keeping, shared bank accounts and equipment; 2) common management, common directors and board; 3) centralized control of labor relations and personnel; and 4) common ownership and financial control. If neither of the entities is a sham, the fourth factor is not met. Though none of these factors is conclusive, the central concern of the single employer theory is control over labor relations. You should look at all the facts and circumstances to determine if Kenwood is a single employer.

Source: Summary Judgment Order of Judge Dlott in this case.

Proposed Instruction No. 5

## SUMMARY OF PLAINTIFF'S CLAIMS

This case involves a claim by the Plaintiff, Rick Dees, against Defendants, Kenwood Dealer Group and Kings Dodge. The elements which Plaintiff must prove to establish this claim will be described in a moment. What follows is a brief introduction to these claims.

<u>Race Discrimination – Failure to Promote</u>. Plaintiff alleges that he was discriminated against because of his race when Defendant failed to promote him to the F & I Manager position in June 2000 and instead promoted Karl Swartz. Plaintiff's claim of race discrimination is based on the Civil Right Acts of 1866, 1964 and 1991, federal laws that prohibits an employer from discriminating against an employee because of that person's race. His claim is also based on Ohio law that also makes it illegal to discriminate against an employee because of his race.

Defendants deny plaintiff's claims and assert that plaintiff was not promoted because he was not the most qualified employee who sought the promotion. Defendants further assert that Kenwood cannot be liable to plaintiff for any reason because it was not plaintiff's employer.

Proposed Instruction No. 6

**Race Discrimination**

1. GENERAL. The employee must prove by the greater weight of the evidence that race was a determining factor for Defendants' failure to promote him.

2. DETERMINING FACTOR. A determining factor is an important or significant reason for doing something. To "determine" is to reach a decision. A determining factor is one that caused the reaching of a decision. Plaintiff need not show that race was the sole or exclusive factor in defendants' decision not to promote him. There may have been more than one factor that motivated defendants. Plaintiff must prove by a preponderance of the legal evidence, however, that one such factor was race and that factor made a difference in determining that he would not be promoted.

In addition, plaintiff is not required to produce direct evidence of unlawful motive. Intentional discrimination, if it exists, is seldom admitted, but is a fact which may be inferred from the existence of other legal evidence.

Ohio Jury Instructions (OJI) § 266.03; Tooson v. Roadway Express, Inc., Case no. C-1-99-656 (SD Ohio) (Judge Weber).

Proposed Instruction No. 7

## BUSINESS JUDGMENT

An employer is entitled to make business decisions.  A business decision can be based on subjective evaluations and making such evaluations does not automatically subject the employer to liability, nor does it automatically insulate the employer from liability.

You may consider the reasonableness or lack of reasonableness of defendants' stated business judgment along with all the other legal evidence in determining whether defendants intentionally discriminated against plaintiff because of his race.

(The parties could not agree on the remainder of this instruction.)

OJI § 266.03; Wexler v. White's Fine Furniture, Inc., 317 F.3d 564 (6 th Cir. 2003) (en banc).

Plaintiff's Proposed Instruction No. 8

## DAMAGES - COMPENSATORY DAMAGES

If you find that Plaintiff has proven his claim of race discrimination, then you may consider whether Plaintiff is entitled to what is known as "compensatory damages." These damages are intended to compensate Plaintiff for any pain and suffering, loss of reputation, humiliation, embarrassment, mental anguish, and loss of self-esteem that was caused by Defendant's actions.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should assess an amount of money you find justified by a preponderance of the evidence as full and just compensation.  No evidence of monetary value of such intangible things has been, or needs to be introduced into evidence.  However, while no exact standard exists for calculating the compensation to be awarded for these elements of damages, you must not engage in arbitrary guess work.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts and evidence.

Given by Judge Dlott in <u>Wheat v. Dayton Freight Inc.</u>, C-1-97-878 (SD Ohio 1999) (with slight modification due to additional claims).

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **RICK DEES** | : | |
| | : | **CASE NO.  C-1-02-457** |
| Plaintiff | : | Judge Bertelsman |
| | : | |
| vs. | : | |
| | : | **PROPOSED AGREED** |
| **KENWOOD DEALER GROUP** | : | **SPECIAL INTERROGATORIES** |
| | : | |
| and | : | |
| | : | |
| **KINGS DODGE** | : | |
| | : | |
| Defendants | : | |

1. **KENWOOD AS EMPLOYER**

    Did Plaintiff prove by a preponderance of the evidence that Kenwood Dealer Group was a "single employer" or "integrated enterprise" with Kings Dodge?

    _____YES     _____NO

2. **PLAINTIFF'S CLAIM OF RACE DISCRIMINATION**

    Did Plaintiff prove, by a preponderance of the evidence, that race was a determining factor in Defendant's decision not to promote him to the F & I Manager position in June 2000?

    _____YES     _____NO

    If you answered yes to question #2 above, please continue below.  However, if you answered no, do not answer any more questions, simply sign the verdict form and notify the Courtroom Deputy.

10

3.  **BACKPAY AND COMPENSATORY DAMAGES**

   What amounts, if any, do you award to Plaintiff for:

   Backpay and Benefits            _____

   Compensatory damages            _____
   (emotional distress, etc.)