UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RICK DEES** | : | Case No. C-1-02-457 |
| Plaintiff, | : | (Judge Bertelsman) |
| vs. | : | |
| **KENWOOD DEALER GROUP, INC.** and **KINGS DODGE, INC.** | : | **DEFENDANTS' WITNESS LIST, WITNESS STATEMENTS, AND EXHIBIT LIST** |
| Defendants. | : | |

Pursuant to this Court's Order of October 26, 2004, defendants Kings Dodge, Inc. ("King's Dodge") and Kenwood Dealer Group, Inc. ("Kenwood") hereby submit the following trial Witness List, Witness Statements, And Trial Exhibit List. Defendants' trial witness list and witness statements are attached hereto as Exhibit A. Defendants' trial exhibit list is attached hereto as Exhibit B.

Respectfully submitted,

s/Curtis L. Cornett
Curtis L. Cornett (0062116)
Cors & Bassett, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202
(513) 852-8226
clc@corsbassett.com
Trial Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2005, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to Paul H. Tobias, Esq., attorney for plaintiff Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202.

                                                      s/Curtis L. Cornett
                                                     Curtis L. Cornett

# EXHIBIT A
# DEFENDANTS' TRIAL WITNESS LIST
# AND WITNESS STATEMENTS

- **Robert Reichert**

Mr. Reichert will testify generally regarding the following subjects: the history of Kenwood; Kenwood's relationship with Kings Dodge and the other dealerships of which he is the majority owner; the difficulty of attracting African-Americans to apply for positions within the automotive industry generally and within the dealerships of which he is the majority owner specifically; the efforts he has taken to obtain more African-American employees; the EEO training he provides to the managers at the dealerships of which he is majority owner, including Kings Dodge; his interactions with Mark Pittman ("Pittman"), both professionally and personally, and his knowledge of Mr. Pittman's non-discriminatory attitude toward and treatment of African-Americans; his knowledge of Mr. Pittman's hiring and promotional practices at Kings Dodge; his knowledge of the reasons plaintiff was not promoted to the Finance & Insurance ("F&I") manager's position at Kings Dodge in June, 2000; the differences between a salesperson's position and a F&I manager's position; his interactions with various managers of Kings Dodge including Rod Stancliffe, Mike Wilson, and Steve Jackson, and his knowledge of their non-discriminatory attitudes toward and treatment of African-Americans; his interactions with plaintiff generally and specifically in connection with the EEOC charges filed by plaintiff as well as his interactions with plaintiff regarding the plaintiff's decision to resign his employment from Kings Dodge; the plaintiff's injury in 2001 which prevented him from working and the plaintiff's subsequent claim for unemployment benefits; the Charging Party's charges of discrimination filed with the EEOC, the investigation into

those charges, and the outcome of those charges; and all subjects which were discussed at his deposition in this action.

- **Mark Pittman**

    Mr. Pittman will testify generally regarding all of the following subjects: his past experience as a salesperson and his work history within Kenwood; his working and personal relationships with African-Americans and other minorities; the EEO training he has received while serving as General Manager of Kings Dodge; his interactions with and observations of plaintiff while plaintiff was employed by Kings Dodge as a salesperson; all aspects of the selection process he utilized in selecting Karl Swartz over plaintiff and Rob Gilley for the F&I Manager's position in June, 2000; the differences between a salesperson's job and a F&I Manager's job, including the qualifications needed for each job; the declaration he submitted to the EEOC in connection with the plaintiff's charges of discrimination and the outcome of plaintiff's charges; his interactions with managers Rod Stancliffe, Steve Jackson, and Mike Wilson, his knowledge regarding these managers' non-discriminatory attitude toward and treatment of African-Americans, and the role each of these managers played in the selection of Karl Swartz as F&I Manager in June, 2000; the relationship between Kings Dodge and Kenwood and his role as a shareholder in Kenwood; and all subjects discussed at his two depositions taken in this action.

- **Richard Roesel**

    Mr. Roesel will testify generally regarding all of the following subjects: the F&I training he provided to plaintiff, Karl Swartz, and Rob Gilley at the request of General Manager Pittman and the performance of each of the above individuals during that training; the personality profile test he administered to each of the above individuals and the respective results of that testing; the discussions he had with General Manager Pittman regarding whom to select for the F&I Manager position in June, 2000; the qualifications needed for the F&I Manager's position; the differences between a F&I Manager's position and a salesperson's position; his interactions with and observations of plaintiff as a salesperson; his discussions with plaintiff regarding plaintiff not receiving the F&I Manager's position in June, 2000; his interactions with General Manager Pittman on both a personal and professional level and his knowledge of Pittman's non-discriminatory attitude toward and treatment of African-Americans; his interactions with Managers Rod Stancliffe, Steve Jackson, and Mike Wilson and his knowledge regarding each of their non-discriminatory attitudes toward and treatment of African-Americans; and all subjects discussed at his deposition taken in this matter.

- **Rod Stancliffe**

    Mr. Stancliffe will testify generally regarding all of the following issues: the qualifications for a F&I Manager's position; his performance as a F&I Manager at Kings Dodge; the difference between a F&I Manager's position and a salesperson's position; all aspects of his involvement with General Manager Pittman's decision to promote Karl Swartz rather than plaintiff or Rob Gilley to the F&I Manager's position in June, 2000;

3

his conversations with other managers and with plaintiff's co-workers regarding plaintiff's ability to perform the F&I Manager's job; his interaction with and observations of plaintiff performing his salesperson job; the reasons why he did not recommend plaintiff to the F&I Manager's position in June, 2000; his interaction with General Manager Pittman and his knowledge of Pittman's non-discriminatory attitude toward and treatment of African-Americans; his own experiences as a salesperson; and all subjects discussed at his deposition taken in this matter.

- **Steve Jackson**

    Mr. Jackson will testify generally regarding all of the following subjects: his performance as a new car sales manager at Kings Dodge; his interactions with and observations of plaintiff; all aspects of his role in the decision made by General Manager Pittman to promote Karl Swartz to the position of F&I Manager in June, 2000 instead of plaintiff or Rob Gilley; the reasons he did not recommend plaintiff for the F&I position; the circumstances surrounding plaintiff being hired as a salesperson at Kings Dodge; his interactions with General Manager Pittman and his knowledge of Pittman's non-discriminatory attitude toward and treatment of African-Americans; the comments made to him by various managers and co-workers of plaintiff about plaintiff; and his own experiences as a salesperson.

- **Michael Wilson**

    Mr. Wilson will testify generally regarding all of the following subjects: his performance as a sales manager at Kings Dodge; his own experiences as a

4

salesperson; his interaction with and observations of plaintiff; all aspects of the role he played in General Manager Pittman's selection of Karl Swartz as an F&I Manager in June, 2000 instead of plaintiff or Rob Gilley; the reasons he did not recommend plaintiff for that position; the comments made by plaintiff's co-workers about plaintiff; his interactions with General Manager Pittman and his knowledge of Pittman's non-discriminatory attitude toward and treatment of African-Americans; and all subjects discussed at his deposition taken in this matter.

- **Karl Swartz**

    Mr. Swartz will testify generally regarding all of the following subjects: his interactions and observations of plaintiff; his relationship with his co-workers and managers at Kings Dodge and plaintiff's relationship with his co-workers and managers; his performance as a salesperson; his knowledge regarding why he was selected as F&I Manager in June, 2000; his interactions with General Manager Pittman and his knowledge of Pittman's non-discriminatory attitude toward and treatment of African-Americans, including plaintiff; his interactions with other Kings Dodge managers and their non-discriminatory attitude toward and treatment of African-Americans, including plaintiff; the comments made by plaintiff's co-workers and managers about plaintiff; his interactions and communications with plaintiff and with plaintiff's counsel in this litigation; and all subjects covered in any of the declarations submitted by him in this litigation.

5

- **Benny Watson**

    Mr. Watson will testify generally regarding all of the following subjects: the fair and non-discriminatory treatment he has received as an employee at Kings Dodge; his interactions with General Manager Pittman and his knowledge of Pittman's non-discriminatory attitude toward and treatment of African-Americans; his interactions with and observations of plaintiff and plaintiff's job performance as a salesperson.

- **Rick Hollaway**

    Mr. Hollawoy will testify generally regarding all of the following subjects: the fair and non-discriminatory treatment he has received as an employee at Kings Dodge; his interactions with General Manager Pittman and his knowledge of Pittman's non-discriminatory attitude toward and treatment of African-Americans; his interactions with and observations of plaintiff and plaintiff's job performance as a salesperson.

- **Andre Willis**

    Mr. Willis will testify generally regarding all of the following subjects: the fair and non-discriminatory treatment he received as an employee at Kings Dodge; his interactions with General Manager Pittman and his knowledge of Pittman's non-discriminatory attitude toward and treatment of African-Americans; his interactions with and observations of plaintiff and plaintiff's job performance as a salesperson.

- **Leonard Harris**

    Mr. Harris will testify generally regarding all of the following subjects: the fair and non-discriminatory treatment he has received as an employee at Kings Dodge; his interactions with General Manager Pittman and his knowledge of Pittman's non-discriminatory attitude toward and treatment of African-Americans; his interactions with and observations of plaintiff and plaintiff's job performance as a salesperson.

- **Mike Molzberger**

    Mr. Molzberger will testify generally regarding all of the following subjects: his position at Saturn of Kings Automall, Inc. ("Saturn"); the math test he administered to plaintiff in connection with a managerial position plaintiff applied for at Saturn; his communications with Mark Pittman regarding plaintiff; his own experiences as a salesperson; his interactions with Pittman and his knowledge of Pittman's non-discriminatory attitudes toward and treatment of African-Americans.

- **Plaintiff Rick Dees** (as if on cross-examination)

    Defendants expect plaintiff to testify generally to the same issues that were discussed at his deposition taken in this action. Defendants also expressly reserve the right to cross-examine plaintiff regarding any subject about which he testifies on direct examination.

Defendants expressly reserve the right to call rebuttal witnesses and/or witnesses who may provide impeachment testimony as well as all individuals named by plaintiff as witnesses.

255015

# EXHIBIT B
# DEFENDANTS' TRIAL EXHIBIT LIST

Defendants may introduce all of the following documents into evidence at the trial of this matter:

| Description of Exhibit | Further Identifying Features |
|---|---|
| 1. Plaintiff's Employment Application at Kings Dodge | Bates-stamped KD 146-147 |
| 2. Records relating to plaintiff's 1992 convictions | Ex. 3 at plaintiff's Deposition |
| 3. Plaintiff's Affidavit to EEOC dated 8-31-00 | Ex. 5 at plaintiff's Deposition |
| 4. Kings Dodge's "Top Gun" Report | Plaintiff Deposition Exhibit |
| 5. Agency Services Consolidated test of Rick Dees | Bates-stamped KD 134-137 |
| 6. Agency Services Consolidated test of Rob Gilley | Bates-stamped KD 138-142 |
| 7. Agency Services Consolidated test of Karl Swartz | Bates-stamped KD 129-133 |
| 8. Agency Services Consolidated Composite for F&I Manager | Bates-stamped ROE 179-188 |
| 9. Declaration of Steve Jackson | Exhibit to Defendants' Motion for Summary Judgment, Appendix, Tab H |
| 10. Math Test taken by plaintiff at Kings Dodge | Bates-stamped KD 148-149 |
| 11. 9/20/00 Handwritten Note of Mark Pittman | Bates-stamped KD 042 |
| 12. Handwritten Notes and Math Test given to plaintiff at Saturn of Kings Automall, Inc. | Bates-stamped SAT 008-020 |
| 13. Purchase Contracts relating to sales made by plaintiff | Plaintiff Deposition Exhibits |
| 14. Declaration of Mark Pittman | Bates-stamped KD 119 |

| Description of Exhibit | Further Identifying Features |
|---|---|
| 15. Supplemental Declaration of Karl Swartz | Exhibit to Defendants' Reply Brief in Support of Summary Judgment |
| 16. Decision of Ohio Unemployment Commission | Bates-stamped KD 093-096 |
| 17. Letter from Robert Reichert to Ohio Unemployment Commission | Bates-stamped KD 089-091 |
| 18. Résumé of plaintiff | Ex. 1 at plaintiff's Deposition |
| 19. Plaintiff's Resignation Letter | Bates-stamped KD 041 |
| 20. Plaintiff's Charge of Discrimination with EEOC (8-31-2000) and EEOC's Notice of Right to Sue Letter | Bates-stamped KD 155-156 |
| 21. Plaintiff's Charge of Discrimination with EEOC (11-9-00) and EEOC's Notice of Right to Sue Letter | Bates-stamped KD 153-154 |
| 22. 2-28-02 Letter from plaintiff to Wilma Javey and Winston Robinson | Ex. 13 of plaintiff's Deposition |
| 23. Plaintiff's Answers to Defendants' First Set of Interrogatories | Ex. 7 of plaintiff's Deposition |
| 24. Kenwood Dealer Group, Inc. Employee Handbook | Bates-stamped KD 204-237 |
| 25. Acknowledgement of Receipt of Employee Handbook by plaintiff | Bates-stamped KD 035 |
| 26. Earnings Summary Comparison between F&I Manager's position and plaintiff's earnings as a Salesperson | Produced to Plaintiff on 12-21-04 |

Defendants expressly reserve the right to use documents not listed herein as impeachment or rebuttal evidence and to use all documents listed by plaintiff as trial exhibits.

255043