# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **RICK DEES** | : | Case No. C-1-02-457 |
| Plaintiff, | : | |
| | : | (Judge Bertelsman) |
| vs. | : | |
| | : | |
| **KENWOOD DEALER GROUP, INC.** | : | **DEFENDANTS' MOTION IN LIMINE** |
| and | : | **TO EXCLUDE PLAINTIFF'S USE OF** |
| **KINGS DODGE, INC.** | : | **STATISTICAL EVIDENCE AT TRIAL** |
| Defendants. | : | |

Defendants Kings Dodge, Inc. and Kenwood Dealer Group, Inc. hereby move the Court to exclude all evidence at trial regarding the number of African-American managers employed by defendants. As discussed in the attached memorandum, such evidence is not relevant as plaintiff has no evidence regarding the number of qualified African-Americans in the relevant labor market nor any evidence regarding the numbers of African-Americans who applied for any type of managerial position at Kings Dodge, Inc.

The grounds for this motion are set forth in the accompanying memorandum.

Respectfully submitted,

s/Curtis L. Cornett
Curtis L. Cornett (0062116)
Cors & Bassett, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202
(513) 852-8226
Trial Attorney for Defendants

## **MEMORANDUM IN SUPPORT OF MOTION**

### **I. RELEVANT FACTS**

As this Court is aware, this action revolves around the decision by Mark Pittman, the general manager of Kings Dodge, Inc. ("Kings Dodge"), to promote Karl Swartz instead of plaintiff or an individual named Rob Gilley to the Finance & Insurance ("F&I") position at Kings Dodge in June, 2000. It is plaintiff's contention that Pittman did not promote him to the F&I position because plaintiff is African-American. In support of his position in this regard, plaintiff desires to present evidence at trial that Kings Dodge had no African-American managers in 1999 or 2000 and that Kenwood Dealer Group, Inc. ("Kenwood") had no African-American managers in 2000.

As discussed below, none of this evidence is relevant or admissible as plaintiff has no evidence to put these numbers in context; i.e., plaintiff has no evidence showing the number of qualified potential applicants in the relevant labor market nor does he even have any evidence regarding the number of African-Americans who actually applied for managerial positions during these years. Accordingly, whether or not Kings Dodge or Kenwood had any African-American managers at or around the time plaintiff applied for the F&I position is not probative of any aspect of plaintiff's claim of race discrimination.

### **II. ARGUMENT**

#### **Plaintiff's Pseudo-Statistical Evidence is Not Admissible.**

The Sixth Circuit has long held that, in order for statistical evidence to be probative of discrimination, such evidence must include evidence regarding the number of qualified minorities within the relevant labor market. *E.g., Grano v. The Dept. of*

1

*Development of the City of Columbus*, 637 F.2d 1073, 1078 (6th Cir. 1980); *Simpson v. Midland-Ross Corp.*, 823 F.2d 937, 943-44 (6th Cir. 1987); *Smith v. Leggett Wire Co.*, 220 F.3d 752, 761-62 (6th Cir. 2002). Thus in *Grano, supra*, the Sixth Circuit reversed a district court's finding that the defendant's decision not to promote the plaintiff because of her sex was discriminatory and held that the statistics presented by plaintiff, which consisted only of the number of male and female employees employed by the defendant as of a certain date, were insufficient to show any type of discrimination. As the Sixth Circuit reasoned:

> The only statistics introduced into evidence were numbers of male and female employees as of July 5, 1974. **We agree with defendants that these statistics do not tend to show discrimination. The reason is that plaintiffs introduced no evidence as to the relevant labor market.** The job to which Ms. Grano wished to be promoted required a college degree and three years public relations experience. No evidence was presented as to how many women were available who possessed these qualifications in the surrounding area. **The mere fact that a department is overwhelmingly male does not support an inference of discrimination where there are legitimate special qualifications for employment or advancement and no evidence is introduced as to the number and availability of qualified women.**

637 F.2d at 1078 (emphasis added; internal footnotes and citations omitted). *See also Simpson v. Midland-Ross Corp., supra*, 823 F.2d at 943 (holding that plaintiff's statistics in an age discrimination case lacked probative value because "he neglects vital information regarding the pool of applicants and whether, for example, qualified older employees were available or applied for those jobs").

2

Indeed, in *Smith v. Leggett-Wire Co., supra*, the Sixth Circuit plainly held that the admission of evidence regarding the number of minority employees employed by a certain employer, unaccompanied by evidence regarding the qualified minority pool in the relevant job market, is inadmissible. The Sixth Circuit held as follows in *Smith*:

> Over Defendants' objections, Smith also introduced statistics relating to the percentage of minority supervisors at Adcom and at Leggett's other Kentucky facilities.... **Admission of this evidence was likewise erroneous, and not harmless. First, Smith's statistics were not admissible because he did not establish the number of qualified minorities available in each labor market.**

220 F.3d at 761 (emphasis added; citations omitted).

Even in disparate impact cases, which, unlike plaintiff's claims in the instant case, do not require an unlawful motivation on the part of the employer, statistical evidence without a comparison of the number of minorities in the relevant labor market is irrelevant. *Wards Cove Packing Co. v. Antonio*, 490 U.S. 642, 650-52 (1989). As the United States Supreme Court stated in *Wards Cove*:

> The proper comparison is between the racial composition of the at-issue jobs and the racial composition of the qualified population in the relevant labor market.

*Id.* at 650. This reasoning merely reflects the common sense proposition, discussed by the Supreme Court in *Wards Cove*, that there could be numerous, non-discriminatory explanations for the lack of minorities in a certain position. For example, no Title VII violation could possibly occur if the lack of minorities holding a certain position was due to "a dearth of qualified non-white applicants" for that position. *See Wards Cove, supra*, 490 U.S. at 651-52. Moreover, as the Supreme Court noted in *Wards Cove*, admitting

3

statistics showing the number of minorities in a specific position, without accompanying statistics showing the number of qualified minorities in the relevant labor pool, would require employers to begin adopting racial quotas to avoid Title VII lawsuits. As the Supreme Court reasoned in criticizing the lower court's acceptance of this type of evidence as being probative of discrimination:

> The Court of Appeals' theory, at the very least, would mean that any employer who had a segment of his work force that was--for some reason--racially imbalanced, could be haled into court and forced to engage in the expensive and time-consuming task of defending the "business necessity" of the methods used to select the other members of his work force. **The only practicable option for many employers would be to adopt racial quotas, insuring that no portion of their work forces deviated in racial composition from the other portions thereof; this is a result that Congress expressly rejected in drafting Title VII**.

490 U.S. at 652 (emphasis added; citations omitted).

In the instant case, plaintiff has no evidence, **none**, to indicate the number of minorities in the Greater Cincinnati area who were qualified to serve as an F&I manager at Kings Dodge in 1999 or 2000. Similarly lacking is any evidence regarding how many African-Americans actually applied for an F&I position at Kings Dodge (or any other dealerships within the Greater Cincinnati area) during those years. This total lack of evidence regarding the qualified pool of African-Americans makes the evidence regarding the number of African-Americans in management during those years irrelevant and inadmissible.

## III. CONCLUSION

For all of the above reasons, defendants respectfully request that this motion in limine to exclude plaintiff's statistical evidence regarding the number of African-American employees at Kings Dodge and at other dealerships affiliated with Kenwood be excluded.

Respectfully submitted,

s/Curtis L. Cornett
Curtis L. Cornett (0062116)
Cors & Bassett, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202
(513) 852-8226
clc@corsbassett.com
Trial Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2005, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to Paul H. Tobias, Esq. and David D. Kammer, Esq., attorneys for plaintiff Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202.

s/Curtis L. Cornett
Curtis L. Cornett

255781

5