UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RICK DEES** | Case No. C-1-02-457 |
| Plaintiff, | (Judge Bertelsman) |
| vs. | |
| **KENWOOD DEALER GROUP, INC.** and **KINGS DODGE, INC.** | **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE AFFIDAVIT OF RAYMOND SCOTT** |
| Defendants. | |

Defendants Kings Dodge, Inc. and Kenwood Dealer Group, Inc. hereby move the Court to exclude the Affidavit of Raymond Scott from being admitted into evidence at the trial of this matter. The grounds for this motion are set forth in the accompanying memorandum.

Respectfully submitted,

s/Curtis L. Cornett
Curtis L. Cornett (0062116)
Cors & Bassett, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202
(513) 852-8226
Trial Attorney for Defendants

## **MEMORANDUM IN SUPPORT OF MOTION**

### I. RELEVANT FACTS

In his Exhibit List recently filed with this Court, plaintiff listed as one of the documents he intends to introduce into evidence at the trial of this matter the "Affidavit of Raymond Scott, Case No. 221 A10011 alleging discrimination in hiring." (Plt.'s Proposed Exhibit 6.) Raymond Scott ("Scott") is an African-American who walked into Kings Dodge, Inc. ("Kings Dodge") one day in May of 2000 and asked a sales manager for a job as a salesperson. There was no opening at the time Scott applied, he did not complete an employment application, no interview took place, and he did not even leave his name, address, or phone number with the dealership so that Kings Dodge would have some way to contact him in the future.

Moreover, not only was there no opening available for Scott to be awarded, Kings Dodge did not advertise in the media nor did it imply in any way to Scott that it was seeking additional sales help. Instead, Scott, apparently on a whim, simply decided to drop into the dealership one day in May, 2000 and inquire about a job. Then, when he was not awarded a job, he concluded that the reason must have been race discrimination and he brought a charge of discrimination against the dealership. Not surprisingly, this charge was subsequently dismissed by the EEOC.

Thus, Scott's affidavit is not even probative of his own allegations of discrimination and it certainly is not relevant to plaintiff's claims in this action. Indeed, there is literally nothing about Scott's experience with Kings Dodge that is remotely similar to any of plaintiff's allegations in this action. In this regard, plaintiff's allegations involve the failure to be promoted to a managerial position; Scott's charge involved a

1

failure to be hired to a salesperson's position. In plaintiff's case, there was definitely an opening for an F&I manager--it just was not awarded to plaintiff. In Scott's case, there was not even an opening for a salesperson.

In short, and as discussed below, Scott's charge is wholly irrelevant to plaintiff's claims of discrimination in this case and is therefore inadmissible as evidence.

## II.  ARGUMENT

### Scott's Affidavit Is Not Relevant and Is Therefore Inadmissible

Rule 401 of the Federal Rules of Evidence defines the term "relevant evidence" as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or les probable than it would be without the evidence.

In addition, "[e]vidence which is not relevant is inadmissible." Fed. R. Evid. 402.

As discussed above, Scott's charge of discrimination stemming from Kings Dodge's failure to hire him as a salesperson when no opening existed has nothing to do with plaintiff's claims of being discriminatorily prevented from obtaining a managerial position when an opening did exist. Certainly plaintiff and Scott are not "similarly situated" employees as the Sixth Circuit has defined that term. See, e.g., *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582-83 (6th Cir. 1992).

Moreover, Scott's name does not even appear on plaintiff's witness list. It is therefore difficult to understand how Scott's charge of discrimination could be properly authenticated (see Fed. R. Evid. 901), even if it is relevant, which it clearly is not.

2

## III. CONCLUSION

For all of the above reasons, defendants respectfully request that Raymond Scott's affidavit in support of his charge of discrimination be excluded from evidence.

Respectfully submitted,

s/Curtis L. Cornett
Curtis L. Cornett (0062116)
Cors & Bassett, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202
(513) 852-8226
clc@corsbassett.com
Trial Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2005, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to Paul H. Tobias, Esq. and David D. Kammer, Esq., attorneys for plaintiff Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202.

s/Curtis L. Cornett
Curtis L. Cornett

255896

3