UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RICK DEES** | : | Case No. C-1-02-457 |
| Plaintiff, | : | (Judge Bertelsman) |
| vs. | : | |
| **KENWOOD DEALER GROUP, INC.** and **KINGS DODGE, INC.** | : | **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF MIKE SUNDERMAN** |
| Defendants. | : | |

Defendants Kenwood Dealer Group, Inc. and Kings Dodge, Inc. hereby move the Court to exclude the testimony of Mike Sunderman at the trial of this matter. The grounds for this motion are set forth in the accompanying memorandum.

Respectfully submitted,

s/Curtis L. Cornett
Curtis L. Cornett (0062116)
Cors & Bassett, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202
(513) 852-8226

Trial Attorney for Defendants

## **MEMORANDUM IN SUPPORT OF MOTION**

### **I.      RELEVANT FACTS**

Plaintiff has listed an individual named Mike Sunderman ("Sunderman") as one of his trial witnesses.  According to plaintiff, Sunderman is expected to testify "per his declaration appended to plaintiff's response to motion for summary judgment."  In that declaration (attached hereto as Exhibit A), Sunderman opines that, if the decision was his to make, he would have selected plaintiff over Karl Swartz for the position of Finance & Insurance ("F&I") Manager.  (Sunderman Decl. at ¶ 4).  The problem with this opinion is that Sunderman has never been employed by Kings Dodge, Inc. ("Kings Dodge"), he has never worked for or with Mark Pittman ("Pittman"), the general manager at Kings Dodge who made the decision to promote Swartz to the F&I manager's position over plaintiff and another candidate, and Sunderman was not involved in any way with the decision regarding whom to promote to the F&I position at Kings Dodge.  Instead, Sunderman's opinion regarding whom he would promote to the F&I position is apparently based entirely on his experience with plaintiff and Swartz while the three men worked at Kingswood Chrysler Plymouth, a dealership within the Kenwood Dealer Group but which is not under the direction or supervision of Pittman.

As discussed below, Sunderman has no relevant testimony to provide in this matter as he was not a decision maker with respect to whether plaintiff should be promoted to the F&I position and he in fact was not even employed by the same dealership where plaintiff applied for the F&I position.  Accordingly, Sunderman should be precluded from testifying at the trial of this matter.

## II. ARGUMENT

The Sixth Circuit has expressly held that opinions of non-decision making co-workers "fail to provide any factual support" for a plaintiff's allegation that a failure to promote was discriminatory. *Hartsel v. Keys,* 87 F.3d 795, 801 (6th Cir. 1996). In *Hartsel*, the plaintiff alleged that her employer's failure to promote her to the position of superintendent was based on her sex or her age. *Id.* at 797. The employer moved for summary judgment, contending that it selected the person it believed had the computer skills necessary to upgrade the computer system in a particular department and that its decision in this regard had nothing to do with the plaintiff's sex or age. *See id.* at 798-99. In response to the employer's motion for summary judgment, the plaintiff submitted affidavits from several co-workers who averred, among other things, that plaintiff was "well-qualified for the superintendent's position"; that she was "more qualified" than the person the employer ultimately selected for the position; that plaintiff "did a good job" while she temporarily served as superintendent; and that "it was [not] necessary to appoint someone with a data processing background" to the superintendent position. *Id.* at 801.

The district court granted the employer's motion for summary judgment and the Sixth Circuit affirmed this ruling. With regard to the affidavits of plaintiff's co-workers, the Sixth Circuit specifically stated as follows:

> [T]hese affidavits miss the point. There is no doubt that Brand and Hartsel have differing strengths and weaknesses, and that Hartsel performed her duties as Office Manager and Acting Superintendent well. The law does not require employers to make perfect decisions, nor forbid them from making decisions that others may disagree with. Rather, employers may not hire, fire, or promote for impermissible, discriminatory reasons. **These affidavits reveal perhaps a**

> **reasonable difference in opinion, but their bald assertions and conclusory statements fail to provide any factual support for Hartsel's claim of sexist, ageist or politically retaliatory animus.** 87 F.3d at 801 (emphasis added).

Indeed, the Sixth Circuit has held that a plaintiff's own subjective belief regarding his ability is "irrelevant." Instead, only evidence relating to the **employer's** perceptions and motivations are relevant. As the court stated in *Wrenn v. Gould*, 808 F.2d 493, 502 (6th Cir. 1987):

> [Plaintiff's] perception of his competence and the incompetence of those competing against him **is irrelevant**, the search committee's perceptions and motivations are the key. (emphasis added).

*See also Hopson v. Daimler Chrysler Corp.*, 306 F.3d 427, 437 (6th Cir. 2002) (stating that, at trial, plaintiff would have to show that his co-workers opinion "is connected to the decision-maker's actual attitudes").

In the present case, Sunderman's testimony that he believed plaintiff was more qualified for the F&I position than Swartz "fail[s] to provide any factual support" for plaintiff's claims of race discrimination. *See Hartsel v. Keys, supra*. In this regard, Sunderman's testimony fails to shed any light on Pittman's perceptions of plaintiff or Pittman's motivations for not promoting plaintiff. Indeed, Sunderman has never even been employed by Kings Dodge. It therefore is difficult for defendants to understand how Sunderman's testimony could be relevant in this action. Accordingly, defendants request that Sunderman be precluded from testifying.

### III.  CONCLUSION

For all of the reasons stated herein, defendants Kenwood Dealer Group, Inc. and Kings Dodge, Inc. respectfully request that their motion in limine be granted and that Mike Sunderman be precluded from testifying at the trial of this matter.

Respectfully submitted,

s/Curtis L. Cornett
Curtis L. Cornett (0062116)
Cors & Bassett, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202
(513) 852-8226
Trial Attorney for Defendants

### CERTIFICATION

I hereby certify that on February 3, 2005, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to Paul H. Tobias, Esq. and David D. Kammer, Esq., attorneys for plaintiff Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, OH 45202.

s/Curtis L. Cornett
Curtis L. Cornett

256296.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RICK DEES | CASE NO. C-1-02-457 |
| Plaintiff | Judge Dlott |
| vs. | |
| KENWOOD DEALER GROUP | DECLARATION OF **MIKE SUNDERMAN** |
| and | |
| KINGS DODGE | |
| Defendants | |

I, Mike Sunderman, declare as follows:

1. I am Mike Sunderman, Sales Manager of Jake Sweeney Chrysler Plymouth, 85 W. Kemper Road, Cincinnati, Ohio 45246.

2. I offer this declaration in support of Plaintiff's claim in the above captioned matter.

3. Rick Dees was employed as a car salesman for Kingswood Chrysler Plymouth for almost 2 years. I was his manager.

4. Karl Swartz was also employed as a car salesman during the same time period and I also was his manager.

5. If I had to choose between Rick Dees and Karl Swartz for the job of Finance and Insurance Manager I would have chosen Rick Dees for the following reasons:

1


EXHIBIT A

      a.    Rick's paperwork was always in good order, legible, and in conformity with what was necessary and required whereas Karl was more disorderly with respect to his paperwork.

      b.    Because of his health problems, Karl's attendance was not as good as Rick's.

      c.    Rick was a better sales person than Karl and the Finance and Insurance job requires most of all a good salesperson.

      d.    Rick was more capable and efficient overall.

6.    I never had complaints about Rick's work and he was well regarded by the other salespeople and other managers.

7.    I never observed any difficulty of Rick with "math problems" and he always completed the mathematical part of his paperwork without error.

Pursuant to 28 U.S.C. Section 1746 I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2003.

_____
Mike Sunderman

2