UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RICK DEES** | **CASE NO. C-1-02-457** |
| Plaintiff | Judge Dlott |
| | Judge Bertelsman |
| vs. | |
| | **PLAINTIFF'S MEMORANDUM** |
| **KENWOOD DEALER GROUP** | **IN OPPOSITION TO** |
| | **DEFENDANT'S MOTION IN** |
| and | **LIMINE TO EXCLUDE** |
| | **AFFIDAVIT OF** |
| **KINGS DODGE** | **RAYMOND SCOTT** |
| Defendants | |

Defendants have moved in limine to exclude from evidence at trial the Affidavit of Raymond Scott, one of Plaintiff's designated exhibits. Defendant's motion is predicated exclusively on the ground that the affidavit is irrelevant. Defendant is mistaken and its motion must be denied.

Mr. Scott's affidavit spells out the fact that he, an experienced car salesman, sought a car sales position at Kings Dodge after being informed that they had openings. It further sets forth the fact that Manager Steve Jackson told him there were no openings. It further sets forth the fact that a few white salesmen with no experience were hired in the same time frame. It finally sets forth the opinion that the company's actions in denying him a position under these circumstances constituted race discrimination.

Defendants' brief focuses on the wrong reasons for the relevance of this affidavit.

1

The affidavit is relevant because it demonstrates possible race bias of Manager Steve Jackson. Defendants have defended the denial of Mr. Dees promotion to F & I Manager based in part on the "neutral" input of Manager Jackson and two other managers. The affidavit tends to show that Manager Jackson was not neutral, but biased.

The Sixth Circuit and other circuits have repeatedly held that input by a biased source is evidence of discrimination. In <u>Simpson v. Diversified General, Inc.</u>, 945 F.2d 156 (6th Cir. 1991), <u>cert den</u>,112 S.Ct. 1072 (1992), the Sixth Circuit found that the Plaintiff was discriminatorily fired when "neutral" managers terminated him for violating a Last Chance Agreement which was initiated by a bigoted manager named Ruckman. The Court said:

> "The district court found that (1) it is more likely than not that Simpson's race played a role in Ruckman's response to the second incident; (2) the second incident resulted in the Last Chance Agreement; and (3) the Last Chance Agreement was the basis of Simpson's discharge. The lower court's own factual findings indicate Ruckman's race-biased actions led to Simpson's discharge, having formed the predicate for the Last Chance Agreement. See <u>Terbovitz v. Fiscal Court of Adam County, Ky</u>, 825 F.2d 111, 115 (6th Cir. 1987). The fact that [Ruckman] "played no role whatsoever in the formulation or entry of the Last Chance Agreement" is of little import. This is so because absent Ruckman's race-based motive, as found by the district court, there would not have been a Last Chance Agreement. Nothing occurred after the second incident to expunge those actions. Thus, we conclude that there were impermissible racial motivations for the termination of appellant and its genesis was, as found by the district court, in the response of Ruckman."

945 F.2d at 160.

Also in <u>Wells v. New Cherokee</u>, 58 F.3d 233 (6th Cir. 1995), the Sixth Circuit affirmed an age discrimination award where the supervisor, who was not the alleged final decision-maker, made age-related remarks about Plaintiff's work. The Court said:

2

> "We do not believe that the McDonald rule was ever intended for so formalistic an application as New Cherokee proposes.  If we applied the rule rigidly, employers could simply create a post for the manager in charge of firing employees and isolate that person so that he or she never met the unlucky employees.  Supervisors with no official authority to discharge would effectively make firing decisions before informing this manager, who would then act on the decisions, and the employer would not be liable even if the supervisors admitted discrimination.  Companies may not so easily insulate themselves from liability for discriminatory discharges.  Instead, courts must consider as probative evidence any statements made by those individuals who are in fact meaningfully involved in the decision to terminate an employee."

Id. at 237-38.

Again in Gutzwiller v. Fenik, 860 F.2d 1317 (6th Cir. 1988), the Sixth Circuit said that two biased faculty votes were sufficient to establish a discriminatory employment decision in a tenure process that had four separate levels.  The Court said:

> "Fenik and Cohen stress that they were only two votes in a process that required decisions at four different levels.  Moreover, Fenik emphasizes that he was only one vote on a five-person committee which unanimously recommended against tenure.  Thus, while both defendants offered input at the departmental decisional level, neither had the authority to make a binding decision as to Gutzwiller's tenure . . .  In our view, there was sufficient evidence from which the jury could find that the discriminatory intent of Fenik and Cohen was more likely than not the basis for Gutzwiller's denial of tenure.  In particular, the evidence showed that most of the members of the RPTC, by their own admission, lacked the expertise to properly judge Gutzwiller's work and, therefore, relied exclusively upon the opinion of Fenik, the Committee chairman . . .  The jury reasonably could have found that the actions of Fenik and Cohen influenced the other members of the Committee to vote against Gutzwiller and resulted in Provost Steger's negative tenure recommendation."

860 F.2d at 1327.

Finally, in Dey v. Colt Construction & Devel. Co., 28 F.3d 1446 (7th Cir. 1994), the Seventh Circuit reversed summary judgment in a case where Plaintiff engaged in protected activity by complaining about sexual harassment.  The Court said:

> "Our conclusion also is influenced by Chernoff's participation in the decision to terminate Dey's employment, even if Irsay [company owner]

3

> steadfastly maintains that the final decision was his alone. The record reveals that at the May 1985 meeting between Irsay, Chernoff, and Sullivan, Irsay solicited Chernoff's views on Dey's performance, and Chernoff agreed that it was unsatisfactory and that Dey should be replaced. Thus, even if Chernoff kept Dey's sexual harassment complaints to himself, those complaints may have affected Chernoff's unfaltering assessment of her job performance. <u>Summary judgment generally is improper where the plaintiff can show that an employee with discriminatory animus provided factual information or other input that may have affected the adverse employment action</u>."

28 F.3d at 1459 (emphasis added); see also <u>Fields v. Clark Univ.</u>, 187 F.2d 931 (1st Cir) (tenure decision "impermissibly infected with sexual discrimination" by low level input); <u>Roebuck v. Drexel Univ.</u> 852 F.2d 715, 727 (3d Cir. 1988) ("any decision which itself was infected with discrimination in turn would have tainted the entire process"); <u>EEOC v. Watergate at Landmark Condo</u>, 24 F.3d 635, 639-40 (4th Cir. 1994), cert den. 115 S.Ct. 185 (1994); <u>Crawford v. Runyon</u>, 37 F.3d 1338, 1341 (8th Cir. 1994) ("it is reasonable to infer that his supervisors lied or exaggerated in their reports . . . Since both the opinion of the [Defendant's] medical officer and the decision to remove Plaintiff were based on those reports, both would be tainted by any discriminatory motive behind the supervisor's alleged lies."); <u>Bush v. Thomas & King, Inc.</u>, 78 FEP cases 635 (Ohio App. Sept. 25, 1998).

    The affidavit is relevant to showing that there was biased input to the decision not to promote Mr. Dees. Defendants' motion must be denied.

Respectfully submitted,

s/ David D. Kammer
David D. Kammer—0061808
Paul H. Tobias – 0032415
Tobias, Kraus & Torchia
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (fax)
davek@tktlaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

     I hereby certify that on February 22, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Curtis L. Cornett, Cors & Bassett, LLC, 537 E. Pete Rose Way, Suite 400, Cincinnati, OH 45202.

                                               s/ David D. Kammer
                                               David D. Kammer—0061808