**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **RICK DEES** : | |
| : | **CASE NO.  C-1-02-457** |
| Plaintiff : | Judge Dlott |
| : | |
| vs. : | |
| : | **PLAINTIFF'S MEMORANDUM** |
| **KENWOOD DEALER GROUP** : | **IN OPPOSITION TO** |
| : | **DEFENDANT'S MOTION IN** |
| and : | **LIMINE TO EXCLUDE** |
| : | **TESTIMONY OF MIKE** |
| **KINGS DODGE** : | **SUNDERMAN** |
| : | |
| Defendants : | |

Defendants have moved to exclude from trial the testimony of Mike Sunderman, one of Plaintiff's designated witnesses for trial.  Because Mr. Sunderman's testimony is relevant to a determination of whether Defendants' decision to promote Mr. Swartz over Mr. Dees was discriminatory, the testimony must be admitted.

Mr. Sunderman has important evidence to offer to assist Plaintiff in proving his circumstantial case of race discrimination.  Mr. Sunderman supervised both Plaintiff and Mr. Swartz at another of the Kenwood Dealer Group dealerships.  Both were car salesmen.  Mr. Sunderman observed no math problems with Mr. Dees.  He heard of no complaints of other managers about Mr. Dees.  He observed that Dees' paperwork was more orderly than Mr. Swartz.  He observed that Dees' was a better salesperson than Swartz.  He observed that Dees was more capable and efficient overall than Swartz.  He also opined that he would have promoted Dees over Swartz to F & I Manager.  (Sunderman Decl.)

1

In the Order denying summary judgment in part, this Court found the affidavit testimony of Mike Sunderman relevant for two different purposes. (Doc. 23). First, the Court stated:

> "The sworn statements by Liggett, a manager at another Kenwood dealership and a former Kings Dodge employee, and **Sunderman, Dees' former manager at a third Kenwood dealership**, that Dees was a team player and got along with his co-workers contradicts the testimony offered by the Kings Dodge managers. Although the Defendants were entitled to exercise their business judgment in making the final decision of whom to promote, the reasonableness of the decision may be relevant to prove whether the proffered reasons were the real reasons for the decision."

Doc. 23, p.12 (citing Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 576 (6th Cir. 2003) (*en banc*) (emphasis added).

Also, when reviewing Plaintiff's additional evidence of pretext, the Court discussed the fact that Sunderman's affidavit bore "at least some probative circumstantial evidence of pretext given his personal knowledge of the two F & I candidates and about the operation of Kenwood Group dealerships generally." (Doc. 23, p. 13). The Court went on to state that at trial Plaintiff would need to show "the relevance of Sunderman's opinions in connection to the actual attitudes of the decisionmakers at Kings Dodge." Id. p. 14. Plaintiff can show this. Obviously, the testimony of Sunderman that Dees was a better worker than Swartz and that he would have promoted Dees, is relevant to showing that the actual decisionmakers harbored racial bias. Sunderman, who, as their manager, viewed Dees and Swartz from the same position as Pittman, the decision-maker, offers directly contradictory evidence that the jury must be allowed to consider. The jury may conclude on the basis of this and other evidence that Defendants' decision was pretextual. On the other hand, the jury

may conclude that the decision was valid and side with Defendants.  The point is that Sunderman was in a position to give a reasonable opinion on which candidate was more qualified.  Wexler, 317 F.3d at 576 (citing Aka v. Washington Hosp. Ctr., 156 F.3d 1284, 1294 (D.C. Cir. 1998) (en banc) ("If a factfinder can conclude that a reasonable employer would have found the plaintiff to be significantly better qualified for the job, but this employer did not, the factfinder can legitimately infer that the employer consciously selected a less-qualified candidate--something that employers do not usually do, unless some other strong consideration, such as discrimination, enters into the picture.")).  Plaintiff should not be hamstrung in his ability to present his circumstantial case of discrimination by excluding this relevant evidence.

Courts that have considered similar evidence agree.  In Hopson v. Daimler Chrysler Corp., 306 F.3d 427 (6th Cir. 2002), the Sixth Circuit reversed and remanded a summary judgment decision of the lower court based in part on evidence of a non-decisionmaker that it was his opinion that the denial of a promotion was based on race discrimination. Id. at 437.  The case at bar is even more compelling than the Hopson case because in Hopson the Plaintiff was seeking lay opinion testimony on the ultimate issue in the case i.e whether the decision was discriminatory.  By contrast, the only opinion being offered in the case at bar is who Sunderman would have promoted.  It will be up to the jury to draw the ultimate conclusion from this and other evidence.

Also, in Carter v. Three Springs Residential Treatment, 132 F.3d 635 (11th Cir. 1998), the court reversed a summary judgment for the defendant on a race-discrimination promotion case finding that statements by two non-decisonmakers about the plaintiff's qualifications for promotion were relevant and should not have been

stricken by the District Court.  Id. at 644; Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 589 F.2d 974, 976 & n.2 (9th Cir. 1978) (testimony of co-workers and superiors demonstrated plaintiff's qualification for promotion position).

Defendant argues for exclusion of the relevant testimony of Mike Sunderman based on Hartsel v. Keys .  In Hartsel, the court upheld a summary judgment for the employer.  Hartsel is inapposite to the case at bar.  In Hartsel co-workers, not managers, provided affidavits opining that the plaintiff should have been promoted.  The co-workers however, focused on characteristics that were not even a part of the decision.  The decision was based on lack of computer skills and the affidavits did not address computer skills.  The court therefore held that the affidavits did not help to show pretext.  In the case at bar, by contrast, there is an "apples to apples" comparison by a former manager that yields a direct disagreement with the decision-maker.  Hartsel has no applicability to the case at bar.

Defendant also briefly cites Wrenn v. Gould.  However, Wrenn is also inapposite.  Defendants cite Wrenn to show that Plaintiff's opinions of his own abilities are irrelevant.  That point aside, the issue is whether Mr. Sunderman's opinion is relevant.  For the reasons above, his opinion is relevant as he supervised Plaintiff and Mr. Swartz in car sales positions.  Wrenn does not change that fact.

Mr. Sunderman has important evidence to offer to assist Plaintiff in proving his circumstantial case of race discrimination.  Defendant only challenges the opinion over who Sunderman would have promoted, yet asks that all his testimony be disallowed.  For the reasons shown above, both Mr. Sunderman's observations about the

4

performance of Dees and Swartz and his opinion over who he would have promoted to F & I manager are relevant and should be permitted at trial.

Defendants' motion must be denied.

Respectfully submitted,

 s/ David D. Kammer
David D. Kammer—0061808
Paul H. Tobias – 0032415
Tobias, Kraus & Torchia
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (fax)
davek@tktlaw.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Curtis L. Cornett, Cors & Bassett, LLC, 537 E. Pete Rose Way, Suite 400, Cincinnati, OH 45202.

 s/ David D. Kammer
David D. Kammer—0061808