UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RICK DEES** | : | Case No. C-1-02-457 |
| Plaintiff, | : | (Judge Bertelsman) |
| vs. | : | |
| **KENWOOD DEALER GROUP, INC.** and **KINGS DODGE, INC.** | : | DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY OF MIKE SUNDERMAN |
| Defendants. | : | |

## I. INTRODUCTION

Although this Court's Order regarding the briefing of motions in limine arguably does not contemplate the filing of reply briefs, defendants feel compelled to submit this brief in support of their motion in limine to exclude the testimony of Mike Sunderman ("Sunderman") because of the repeated misrepresentations in plaintiff's opposing brief regarding Sunderman previously working at another dealership within the Kenwood Dealer Group ("Kenwood"). In fact, and as discussed below, Sunderman never worked for any dealership that was owned by Robert Reichert or that was affiliated with Kenwood. This is yet another reason why Sunderman's proposed testimony regarding plaintiff is wholly irrelevant and should be excluded.

## II. ARGUMENT

In his opposing brief, plaintiff states that "Sunderman supervised both plaintiff and Mr. Swartz at another of the Kenwood Dealer Group dealerships." (Plaintiff's Brief at 1.) Plaintiff later quotes a portion of Judge Dlott's summary judgment

opinion in which she referred to Sunderman as previously being employed by a dealership within Kenwood. (*Id.* at 2.)

In fact, Sunderman previously worked for a dealership called Kingswood Chrysler Plymouth ("Kingswood"). That dealership is currently owned by Robert Reichert and is affiliated with Kenwood. However, **during the entire time that Sunderman was employed by Kingswood, it was not owned by Reichert and it was not affiliated in any way with within Kenwood**. (Declaration of Robert Reichert, attached hereto as Exhibit A, at ¶ 3.) Indeed, Sunderman has never been employed by a dealership which is affiliated with Kenwood or is owned by Robert Reichert. Thus, Sunderman cannot possibly have any knowledge regarding any of Kenwood's employment practices.

There is absolutely no evidence in the record, none, to indicate that Sunderman ever worked for a dealership within Kenwood. Judge Dlott apparently assumed that, because Kingswood is now within Kenwood, it was within Kenwood at the time Sunderman worked there. That assumption was inaccurate at the time it was made and it remains inaccurate today. Plaintiff's act of continually repeating this inaccuracy to this Court is troubling, and serves to underscore the lengths plaintiff will go to attempt to prop up Sunderman's wholly irrelevant proposed testimony.

### III.  CONCLUSION

For the reasons set forth herein and for the reasons set forth in defendants' initial motion, defendants respectfully request that Mike Sunderman be prohibited from testifying at the trial of this matter.

2

Respectfully submitted,

s/Curtis L. Cornett
Curtis L. Cornett (0062116)
Cors & Bassett, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202
(513) 852-8226
clc@corsbassett.com
Trial Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2005, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to Paul H. Tobias, Esq. and David D. Kammer, Esq., attorneys for plaintiff Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202.

s/Curtis L. Cornett
Curtis L. Cornett

257502